UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INGENIUM TECHNOLOGIES CORP.,

                      Plaintiff,                              Case Number 14-14668

v.                                               Honorable David M. Lawson

BEAVER AEROSPACE & DEFENSE, INC.,

                      Defendant,

and

BEAVER AEROSPACE & DEFENSE, INC.,

                      Counter-claimant,

v.

INGENIUM TECHNOLOGIES CORP.,

                      Counter-defendant.

_____/

## OPINION AND ORDER CONDITIONALLY GRANTING DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

This matter is before the Court on the defendant's second try at a dismissal on the basis of a forum selection clause found on the back of its form purchase order. The underlying dispute concerns defendant Beaver Aerospace & Defense, Inc.'s purchase of (and non-payment for) consulting services furnished by plaintiff Ingenium Technologies, Inc. for the design and fabrication of aircraft components. In its first attempt, the defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), relying on the forum selection clause to challenge the Court's subject matter jurisdiction, despite clear precedent disfavoring its position. After the Court denied the first motion, the defendant filed the present motion on the basis of the doctrine of *forum non conveniens*. The Court heard oral argument on August 10, 2015, and now concludes that although the forum

selection clause ought to be enforced, and enforcement requires dismissal, the delay occasioned by the defendant's conduct calls for the dismissal to be conditioned on the defendant's agreement to certain provisions outlined below.

I.

Plaintiff Ingenium Technologies provides design and engineering services to airplane component makers such as the defendant, Beaver Aerospace. In 2013, Beaver contracted with Embraer Aviation International to provide certain design and engineering work, which it subsequently subcontracted to Ingenium. Ingenium alleges that it did the work as agreed, but Beaver refused to pay more than $126,000 in fees that were due as payment for its services under the arrangement. Ingenium filed suit, seeking to recover for Beaver's alleged breach of contract.

The pre-printed purchase order agreement that the parties executed states that "the courts of Wayne County, State of Michigan, shall possess exclusive jurisdiction over any actions to enforce or construe this agreement." The agreement further provides that it "shall be governed by and interpreted and construed in accordance with the laws of the State of California."

At least for the purposes of this motion, the parties do not dispute that they entered into the contemplated agreement, or that it contains the provisions quoted above. They also do not dispute that the basic requisites for the exercise of the Court's diversity jurisdiction are satisfied (plaintiff is an Illinois corporation, defendant is a Michigan corporation, and the plaintiff seeks damages from an alleged breach of contract in excess of $75,000). Finally, they do not dispute that, absent the effect of the forum selection clause, venue would be proper in the Eastern District of Michigan because the defendant's principal place of business is in Livonia, within this district.

-2-

The defendant argues that the language of the agreement is plain, and that the parties bargained for the venue provision which allows suit to be brought only in a state court located in Wayne County, Michigan.  It contends that where a forum selection clause restricts venue to the courts "of" a particular state, then an action may be brought or proceed only in state courts in that state, and not any federal court.

The plaintiff contends that the language of the agreement is ambiguous, because it states that an action may proceed in "any court of competent jurisdiction," and the use of the word "any" implies that there must be more than one such court (i.e., that an action must be allowed in either the Wayne County, Michigan circuit court or the Southern Division of the United States District Court of the Eastern District of Michigan, both of which are located within Wayne County, Michigan).  The plaintiff argues in the alternative that the language of the forum selection clause is ambiguous, because there is no court of general jurisdiction "of Wayne County," since all Michigan state courts are organs of the State of Michigan, not the county in which they geographically are located.  The plaintiff then reasons that because the clause is ambiguous, it should be construed against the defendant, which drafted it, and accordingly should be read broadly to encompass both federal and state courts located in Wayne County.

II.

A.

Before discussing the proper procedure to invoke a forum selection clause, it is useful to determine its meaning in this case.  The clause here is part of the parties' contract.  In a diversity case, state contract law provides the rules of decision.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 372 (6th Cir. 1998).  The parties have agreed that California law furnishes

the rules for decision.  Thereunder, "[t]he interpretation of a contract is a judicial function." *Jade Fashion & Co. v. Harkham Indus., Inc.*, 229 Cal. App. 4th 635, 651 (2014).  "In engaging in this function, the trial court gives effect to the mutual intention of the parties as it existed at the time the contract was executed." *Ibid.* (quotations and alterations omitted).  "Ordinarily, the objective intent of the contracting parties is a legal question determined solely by reference to the contract's terms." *Ibid.*  "[T]he contract must be interpreted so as to give effect to the mutual intention of the parties." *Rideau v. Stewart Title of California, Inc.*, 235 Cal. App. 4th 1286, 1294 (2015).  "The intention of the parties is to be ascertained from the 'clear and explicit' language of the contract." *Ibid.* "[U]nless given some special meaning by the parties, the words of a contract are to be understood in their 'ordinary and popular sense.'" *Ibid.*

As noted above, the contract states that the parties agreed to litigate their contract disputes in "the courts *of* Wayne County, State of Michigan." (Emphasis added.)  Every federal court of appeals that has considered the question posed by the defendant's motion has concluded that when a forum selection clause refers to the courts "of" a state, then venue will be proper only in state court, and the filing of an action in or removal to a federal court — even one located within the same state — would be improper.  The typical reasoning goes as follows:

> [A] forum selection  clause referring to "courts in" a state imposes a geographic limitation, not one of sovereignty.  The word "in" means to "express relation of presence, existence, situation, inclusion; inclosed or surround by limits, as in a room."  Hence the phrase "courts in" a state includes any court within the physical boundaries of the state, even if the court does not derive its power and authority from the sovereignty of the state.  In short, [] a forum selection clause that specifies "courts of" a state limits jurisdiction to state courts, but specification of "courts in" a state includes both state and federal courts.

*Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205-06 (9th Cir. 2011) (citations and quotation marks omitted); *see also New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 549 (3d Cir. 2011) (forum

-4-

selection clause providing that "exclusive jurisdiction [] shall lie in the appropriate courts of the State [of] New Jersey" barred removal to federal district court) (collecting cases); *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (adopting "the widely-accepted rule that forum selection clauses that use the term 'in a state' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of a state' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state" (alterations omitted)) (collecting cases); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448-49 (5th Cir. 2009) (finding removal barred where forum selection clause provided for "'exclusive' venue for litigation in 'the Courts of Dallas County, Texas'" because it would be inconsistent with the parties' expressed agreement that "the state courts in Dallas County would have 'exclusive' jurisdiction" over their disputes); *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) ("the federal court located in Colorado is not a court *of* the State of Colorado but rather a court *of* the United States of America"); *LFC Lessors, Inc. v. Pacific Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984) (concluding that "the word 'of' as it appears in [the forum selection clause] must have been intended to restrict the meaning of both 'law' and 'courts' to those that trace their origin to the state" and, therefore, "the phrase in question was intended to mean that all actions on this contract must be brought in the Massachusetts state courts"). Likewise, in *FIMCO Servs., LLC v. FirstMerit Bank, N.A.*, No. 10-72, 2010 WL 5184885, at *4 (E.D. Tenn. Dec. 15, 2010), the district court noted that although the Sixth Circuit has not addressed the precise question, it concluded based on the weight of authority from other circuits and the plain meaning of the contract language that a forum selection clause providing for exclusive

-5-

jurisdiction in "the courts of Stark County, State of Ohio" rendered venue proper "solely in the state courts sitting in Stark County, Ohio."

Following that sound reasoning, it is apparent that reasonable interpretation of the contract leads inevitably to the conclusion that the parties intended to limit the forum for adjudication of their disputes to the Michigan state courts located in Wayne County. Contrary to the plaintiff's position, the limitation of venue to state courts located within a certain county within the state does not render the clause ambiguous, and it does not alter the conclusion that venue is proper only in state, not federal court. *See Ensco Int'l*, 579 F.3d at 448-49 (discussing the phrase "the Courts of Dallas County, Texas"); *FIMCO Servs.*, 2010 WL 5184885, at *4 (same, regarding "the courts of Stark County, State of Ohio").

The plaintiff relies on *Espie v. Washington Nat. Ins. Co.*, No. 14-6, 2014 WL 2921022, at *7 (M.D. Ala. June 27, 2014), in which the district court concluded that a forum selection clause providing for "the exclusive jurisdiction of the courts of Hamilton County, Indiana" would allow transfer to federal court located there, but transfer was not possible because no federal court division was located in that county. The reasoning of that decision is unpersuasive; both of the Eleventh Circuit decisions that the district court cited concerned venue clauses that did not specify the courts "of" the state or county, but merely indicated that venue would be geographically proper within the boundaries of a certain county. *See Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) ("the venue shall be Suwannee County[,] Florida"); *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("[v]enue shall be in Broward County"). The plaintiff also relies on *FIMCO Services*, but, as noted above, the holding in that case is plainly contrary to its position.

-6-

The forum selection clause in the defendant's form purchase order effectively limits the forum for adjudication of contract disputes to state courts in Wayne County, Michigan.

### B.

Clear guidance from the Supreme Court teaches that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, --- U.S. ---, 134 S. Ct. 568, 580 (2013). Despite that plain direction, the defendant did not file its motion to dismiss citing *forum non conveniens* until six months after the plaintiff filed its lawsuit. The Court had entered a case management order, and the parties had engaged in substantial discovery by then. Unlike questions of proper venue and personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2), (3), there is no strict time limit for bringing such a motion. However, it is generally accepted that a defendant must assert a *forum non conveniens* motion "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known." *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987); *see also Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991) (noting that "the interests of judicial expediency require that there must come an end to litigation on the *forum non conveniens* issue, particularly when there has been substantial activity with regard to the merits of the dispute").

It is true here that the defendant called the plaintiff's and the Court's attention to the forum selection clause within a month of the lawsuit's commencement. But it did so in a procedurally inept way by challenging subject matter jurisdiction. It is well settled in this Circuit that courts have subject matter jurisdiction over parties whose citizenship is diverse and a claim arising under a federal statute, even if a forum selection clause dictates that the litigation should have been filed in

a different court. *See Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 948 (6th Cir. 2002) ("[F]orum selection clauses in contracts do not deprive courts of jurisdiction"); *Godsey v. Miller*, 9 F. App'x 380, 383 (6th Cir. 2001) ("[T]he issue of a forum selection clause is an independent contractual concern created by the actions of the parties, and is not linked to the inherent subject-matter jurisdiction of the court."). So although the defendant identified a potentially meritorious procedural argument early on, it did not present it in a way that allowed for the relief it sought. In the meantime, the lawsuit moved forward and the parties exchanged discovery.

The defendant's misstep, therefore, caused delay that was consequential. As the Third Circuit has counseled, "[m]otions to dismiss based on *forum non conveniens* usually should be decided at an early stage in the litigation, so that the parties will not waste resources on discovery and trial preparation in a forum that will later decline to exercise its jurisdiction over the case." *Lony*, 935 F.2d at 614. One might reason that no energy could be wasted on discovery conducted in this Court, since the products of that effort could be applied to a new lawsuit filed in state court across the street and duplication avoided. However, as the plaintiff pointed out at oral argument, the defendant has not agreed to apply the discovery to a subsequent lawsuit if the present case is dismissed, and it has not given a good reason for insisting on litigating the dispute in a court only blocks away in the same city — hardly a "more convenient" forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (noting that the doctrine is justified by concerns about convenience to the parties and witnesses, weighing such considerations as "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and

inexpensive"). All of that gives substance to the plaintiff's argument that the defendant's motive is merely to delay the collection of money earned and owed under the parties' contract.

However, the Supreme Court has of late emphasized the importance of contractual forum selection clauses and the weight to be accorded them. In *Atlantic Marine*, the Court held that "'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const.*, 134 S. Ct. at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Although the timing of a motion to enforce the clause is still a consideration, the Court may fashion conditions to address the consequences of delay while still honoring the Supreme Court's direction to respect such clauses. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1234 (9th Cir. 2011) (noting that "[d]istrict courts are not required to impose conditions on *forum non conveniens* dismissals, but it is an abuse of discretion to fail to do so when 'there is a justifiable reason to doubt that a party will cooperate with the foreign forum'") (quoting *Leetsch v. Freedman*, 260 F.3d 1100, 1104 (9th Cir. 2001)).

## C.

"The principle of *forum non conveniens* comes down to this: a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997) (citing *Gulf Oil*, 330 U.S. at 507; *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947)). As a general proposition, "[a] dismissal upon the grounds of *forum non conveniens* is justified when a defendant establishes that an adequate alternative forum is available and that the public and private factors enumerated in [*Gulf Oil*, 330 U.S. at 508-09,] demonstrate that the chosen forum is unnecessarily burdensome to a defendant or a district court." *Zions First Nat. Bank v. Moto Diesel Mexicana, S.A.*

*de C.V.*, 629 F.3d 520, 523 (6th Cir. 2010).  Ordinarily, "[t]he relevant public and private factors in a *forum non conveniens* challenge, as set forth in *Gulf Oil*, include access to witnesses and evidence, availability of compulsory process, cost of obtaining witnesses, administration difficulties for the trial court, local interest in the litigation, and the law applicable to the controversy." *Ibid.* (citing *Gulf Oil*, 330 U.S. at 508-09).  However, the Supreme Court held in *Atlantic Marine* that the analysis is changed where a forum selection clause is at issue.

In *Atlantic Marine*, the Supreme Court analyzed the defendant's request to transfer under 28 U.S.C. § 1404(a), because the defendant had asked in the alternative that the case be transferred to another federal court.  However, the Court noted that "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." 134 S. Ct. at 580.  The Court further explained that "[t]he calculus [of the *forum non conveniens* analysis] changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* at 581 (quotation marks omitted).  "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Ibid.* (quoting *Stewart*, 487 U.S. at 33).  The Court held, therefore, that "'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Ibid.* (quoting *Stewart*, 487 U.S. at 33).  As the Court explained, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual [*forum non conveniens*] analysis in three ways." 134 S. Ct. at 581.  First, the forum selection clause preempts the plaintiff's venue privilege, so that "the plaintiff's choice of forum merits no weight." *Ibid.*  Second, because the

-10-

parties made their choice of forum in their contract in advance of the dispute, the private interest factors are irrelevant to the analysis, because they "must [be] deem[ed] . . . to weigh entirely in favor of the preselected forum." *Ibid.* Third, a court considering a forum selection clause must focus its analysis solely on the public interest factors, but "those factors will rarely defeat a transfer motion." *Id.* at 582.

The forum selection clause here is plain in its import. Under the analysis framed by the Supreme Court in *Atlantic Marine*, it must be afforded controlling weight in the Court's decision whether to dismiss the case under the doctrine of *forum non conveniens*.

## D.

As mentioned above, however, the doctrine of *forum non conveniens* is not meant to create procedural obstacles, multiply the expense of litigation, or deprive a litigant of its day in court. And the doctrine is enforced in such a way that "it best serves the convenience of the parties and the ends of justice." *Kamel*, 108 F.3d at 802. In this case, the defendant's delay in bringing a proper motion to enforce the forum selection clause meant that the parties would proceed with their discovery in this pending case. A dismissal of this case no doubt will be followed by a new case filing by Ingenium in state court. There is no good reason that the work done by the parties in the present lawsuit should not be incorporated into a new lawsuit.

A district court may dismiss a case on the basis of *forum non conveniens* subject to certain conditions that will assure that the plaintiff promptly can reinstate and proceed with its claims in the foreign venue. *In Grp. CG Builders & Contractors v. Cahaba Disaster Recovery, LLC*, 534 F. App'x 826, 828 n.3 (11th Cir. 2013) (conditioning *forum non conveniens* dismissal on defendant's submission to foreign court's jurisdiction, waiver of statute of limitations defense, cooperation with

discovery, and pledge to honor foreign court's final judgment); *see also Goldstein v. Hard Rock Cafe Int'l (USA), Inc.*, 519 F. App'x 653, 654 (11th Cir. 2013) ("The district court granted the motion — on the condition that the defendants submit to the jurisdiction of a Dominican court, waive any statute of limitations defense, and make witnesses and evidence available to the Goldsteins — finding that the Dominican Republic was an available and adequate alternative forum and the balance of private and public interest factors weighed heavily in favor of dismissal.").

The defendant's conduct in this case warrants the imposition of conditions on a dismissal of this case in this Court. Therefore, before the Court will dismiss this case on the defendant's present motion, the defendant must stipulate in writing to (1) allow all of the discovery materials generated in this case to be used to its fullest extent in any subsequent lawsuit addressing the present dispute in another forum; (2) waive any statute of limitations defense that might apply to the present dispute; and (3) submit to the jurisdiction of the Michigan state courts and agree to accept service of process.

III.

The forum selection clause in the parties' contract is valid and enforceable, and it requires the contract dispute to be litigated in the Michigan state courts located in Wayne County, Michigan. However, because of the defendant's delay in bring a proper motion to enforce the clause, the dismissal on *forum non conveniens* grounds must be conditioned on the defendant's agreement to cooperate in minimizing the expense of recommencing this case in the state forum.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss on the ground of *forum non conveniens* [dkt. #31] is **GRANTED IN PART**.

It is further **ORDERED** that, **on or before August 28, 2015**, the defendant must submit a stipulation in writing to (1) allow all of the discovery materials generated in this case to be used to

-12-

its fullest extent in any subsequent lawsuit addressing the present dispute in another forum; (2) waive any statute of limitations defense that might apply to the present dispute; and (3) submit to the jurisdiction of the Michigan state courts and agree to accept service of process in a subsequently filed state court action.

It is further **ORDERED** that if the defendant files an appropriate stipulation within the time allowed, the Court will dismiss the case without prejudice. If the stipulation is not filed, the motion to dismiss will be denied.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 18, 2015

<div style="border:1px solid black;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 18, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

</div>

-13-